UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ERIC ROSS,

               Plaintiff,

      -against-

TRANSPORTATION SECURITY
ADMINSTRATION and U.S. DEPARTMENT
OF LABOR OWCP/FEDERAL EMPLOYEES
PROGRAM,

               Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-4298 (NRM)(LKE)

NINA R. MORRISON, United States District Judge:

Plaintiff Eric Ross, proceeding *pro se*, brings this employment discrimination complaint against his former employer, the Transportation Security Administration ("TSA"), and the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP"). ECF No. 1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is granted. Plaintiff is directed to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

Plaintiff filed his complaint on a form Complaint for Employment Discrimination. He checked the boxes to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") and adds an additional claim under 20 C.F.R. § 10.507, regulations for employers offering suitable work when an employee is partially disabled. ECF No.

1

1 at 3–4.[1]  In the section to assert discriminatory conduct, he alleges termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation.  *Id.* at 4.  In the section to assert the basis for discrimination, Plaintiff checks the boxes for gender/sex, religion, and disability or perceived disability, but he does not specify any of the protected groups to which he belongs.  *Id.* at 5.  When describing the facts of his case, he states that he "was and is a disabled person stemming from the partially documented incidents of September 22nd & 23rd 2020."  *Id.* at 5, 8.  He does not describe these incidents or the nature of his disability.

The complaint includes the following allegations, which are assumed to be true for purposes of this Order.  Plaintiff was employed by the TSA from March 1, 2020 to June 9, 2021.  *Id.* at 8.  He claims: "In week(s) prior to work[]place traumatic injury," he was subjected to harassment in which a supervisory agent criticized his screening processes and TSA training staff required him to perform "high level screening tests that only more experience[d] employees were required to take."  *Id.* at 9.  He was "abruptly transferred to sites" and "not promoted to phase 2 despite completing trainings and excelling at all three stations required."  *Id.*  Plaintiff claims that "similarly situated employees not in plaintiff[']s protected group were promoted to positions that the plaintiff was denied."  *Id.*  He states: "Plaintiff was subject to frequent changes to work site location with little warning in manners

---

[1] All page references use ECF pagination.

inconsistent with prior formal documentation, whereas no other employee outside his protected group was similarly subjected." *Id.* He does not identify this protected group. "Plaintiff alleged sexual orientation discrimination [and] reported it to multiple supervisory agents." *Id.* The complaint also mentions "a man aggressively and unjustifiably requesting that females remove all of their clothing." *Id.* "[T]hese requests for investigation were gas[-]lighted[,] delayed, and denied." *Id.* Instead, supervisory agents threatened to terminate Plaintiff and transferred him to other sites. *Id.*

After he became disabled, Plaintiff "presented his request for reasonable accommodation." *Id.* at 5. He does not identify the individual or agency to whom he presented his request. He states that "defendant TSA through his agent Peter Miller provided no response to emails and phone call messages other than the word 'Received.'" *Id.* Plaintiff asserts: "Defendants TSA and U.S. Department of Labor OWCP were required to provide reasonable accommodations to Plaintiff Eric Ross by providing him with a limited Duty offer." *Id.* He does not explain how the OWCP was involved or indicate whether he was offered a limited duty position that he did not accept. Plaintiff "requested an updated Limited Duty offer compliant with DOL law and limitations stipulated by physician for accepted conditions," but his requests "were ignored and not fulfilled." *Id.* Plaintiff "contacted three (3) subsequent assigned case examiners and DOL nurse case manager," but he "was not advised of EEO options nor any other mechanisms except to obtain a lawyer and bring suit." *Id.* He does not allege that he sought counseling from the agency's Equal

Employment Office or filed an Equal Employment Opportunity complaint with the agency.

Plaintiff seeks unspecified damages and reinstatement of his employment, along with fees and costs. *Id.* at 6.

## DISCUSSION

### A. Standard of Review

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendant may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint that includes only "labels and

conclusions" is not enough. *Twombly*, 550 U.S. at 555. A complaint fails to state a claim if it includes only basic claims without any factual details. *Iqbal*, 556 U.S. at 678. The Court assumes that the allegations contained in the complaint are true but does not have to accept the complaint's legal conclusions. *Id.*

### B. Title VII

Title VII of the Civil Rights Act of 1964 provides a federal cause of action for alleging discrimination against any individual with respect to the terms, conditions, or privileges of employment, on the basis of the individual's race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e, *et seq.* To state a claim under Title VII, the plaintiff must establish (1) that he is a member of the protected class, (2) that he was qualified for the position, (3) that he was subject to an adverse employment decision, and (4) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001).

Before bringing a civil action for discrimination in employment under Title VII, Federal employees must exhaust specific administrative remedies. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (discussing Title VII exhaustion standard); *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) ("Prior to bringing suit under [Title VII], a federal government employee must timely exhaust the administrative remedies at his disposal. Failure to do so can be asserted by the government as an affirmative defense." (quotation marks citation omitted)). "The purpose of this exhaustion requirement is to give the administrative agency the

opportunity to investigate, mediate, and take remedial action." *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 712 (2d Cir. 1998) (quotation marks omitted). The Supreme Court has stated that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *AMTRAK v. Morgan,* 536 U.S. 101, 108 (2002) (quotation marks omitted).

These regulations for federal employees require that the individual first consult with an Equal Employment Office counselor within the relevant agency within forty-five days of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a)(1). At an initial counseling session, the employee can choose to participate in counseling activities or an alternative dispute resolution process. 29 C.F.R. § 1614.105(b)(2). If the matter cannot be resolved through informal counseling, the counselor must inform the employee of the right to file a formal complaint with the agency and where to file it. 29 C.F.R. § 1614.105(d). The employee then has fifteen days from receipt of the notice to file a formal Equal Employment Opportunity complaint against the agency. 29 C.F.R. §§ 1614.105(d), 1614.106(a) and (b). Thereafter, the agency must dismiss any untimely complaint or complete an investigation and issue a final decision within 180 days. 29 C.F.R. §§ 1614.107(a)(2), 1614.106(e)(2). If the agency does not complete its investigation and issue its final decision on a formal complaint within 180 days, a claimant may then bring a claim in federal court. 29 C.F.R. §§ 1614.407(b). If the agency issues a final decision, the employee may either file an appeal with the Director of the Office of Federal Operations of the Equal Employment Opportunity Commission ("EEOC") within thirty days of receipt of the final decision

of the agency's Equal Employment Office, 29 C.F.R. § 1614.401(a), 29 C.F.R. § 1614.402(a), 29 C.F.R. § 1614.403(a), or file a civil action in federal court within 90 days of the final agency decision, 29 C.F.R. §§ 1614.407(a).  If the claimant appeals to the EEOC and receives a final decision from the EEOC, he then has ninety days after the EEOC decision to file a civil action in federal court.  29 C.F.R. § 1614.407(c).

In this case, Plaintiff has not included any facts alleging that he was discriminated against on the basis of race, color, religion, sex, or national origin, nor has he indicated that he consulted with an Equal Employment Office counselor or took any other actions to exhaust his Title VII claims before filing suit in this Court.

**C. Disability Discrimination**

Plaintiff also brings claims for disability discrimination under the ADA. However, the ADA does not apply to federal employment. *See* 42 U.S.C. § 12111(5)(B)(i) (expressly excluding the United States from the definition of "covered" employers).  "[A] federal employee . . . has no remedy for employment discrimination under the ADA.  His sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere."  *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) (citation omitted)).  The Rehabilitation Act prohibits federal executive branch agencies from discriminating against individuals because of their disabilities and uses the same enforcement remedies as Title VII.  29 U.S.C. § 791, 29 U.S.C. § 794(a), 29 U.S.C. § 794a.  However, the Aviation and Transportation Security Act ("ATSA") specifically exempts the TSA from following certain employment provisions, including the requirements of the Rehabilitation Act, as applied to security screeners.

*See Smith v. U.S. Dep't of Homeland Sec.*, No. 12-CV-1087 (GLS) (TWD), 2015 WL 1924211, at *3 (N.D.N.Y. Apr. 28, 2015) ("[E]very circuit court that has addressed this issue has agreed that security screeners are precluded from bringing suit under the Rehabilitation Act."); *Conyers v. Rossides*, 558 F.3d 137, 144 (2d Cir. 2009) (the ATSA exempts the employment of security screeners from some federal employment provisions); *Field v. Napolitano*, 663 F.3d 505, 514 (1st Cir. 2011) ("The language of the ATSA makes clear that [airport security screener] has no cause of action under the Rehabilitation Act."). Thus, if Plaintiff was employed by the TSA as a security screener, he may not bring a claim for disability discrimination under the Rehabilitation Act.

If Plaintiff was employed in a different capacity, and is thus subject to the protections of the Rehabilitation Act, he would initially need to show that: (1) he is disabled within the definition of the Act; (2) he is otherwise qualified to perform his job; (3) he suffered an adverse employment action solely due to his disability; and (4) the employer is a recipient of federal financial assistance. *Kinsella v. Rumsfeld*, 320 F.3d 309, 314 (2d Cir. 2003). The Rehabilitation Act defines the term "disability" as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 29 U.S.C. § 705(20)(B), 42 U.S.C. § 12102. Like Title VII, the Rehabilitation Act also requires federal employees to exhaust certain administrative remedies within the federal agency before initiating a lawsuit in federal court. *Boos v. Runyon,* 201 F.3d 178, 181 (2d Cir. 2000).

8

### D. Claims against the OWCP

Plaintiff names the Department of Labor's Office of Workers' Compensation Programs as a Defendant and asserts claims purportedly under 20 C.F.R. 10.507, a provision of the Code of Federal Regulations related to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq*.  FECA provides for compensation for federal employees who are injured on the job.  However, FECA's provisions are administered by the OWCP, as designated by the Secretary of Labor, and claims that are covered by FECA cannot be raised or reviewed in federal courts. *Mathirampuzha v. Potter*, 548 F.3d 70, 72 (2d Cir. 2008) ("FECA is the exclusive remedy for work-related injuries sustained by federal employees."); 5 U.S.C. § 8128(b)(2) (the Secretary of Labor's decision allowing or denying payment under FECA is not subject to review by federal courts).  Thus, to the extent that Plaintiff is seeking to assert claims related to injuries suffered on the job, if those claims are covered by FECA, he cannot bring those claims in this Court.  Plaintiff has not suggested any other basis for his claims against the OWCP.

### E. Leave to Amend

Plaintiff has not clearly stated the capacity in which he was employed by the TSA, the protected group to which he belongs, the discriminatory or retaliatory actions that he faced, the nature of his disability, the basis for his claim against the OWCP, or his efforts to exhaust his administrative remedies within the federal agency.  Accordingly, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days from the date of this Order to file an amended complaint that clearly

identifies the nature and the basis for his claims against both the TSP and the OWCP. He should attach documentation of any efforts he made to exhaust his claims. He is reminded that an amended complaint completely replaces the prior pleading, and thus he is encouraged to include any and all factual details on which he bases his claims. The submission should be captioned "Amended Complaint" and include Docket Number 24-CV-4298-NRM-LKE.

## CONCLUSION

Plaintiff shall have 30 days from the date of this Order to file an amended complaint that clearly identifies the nature and the basis for his claims and establishes what steps he took to exhaust his administrative remedies. All further proceedings shall be stayed for 30 days.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to enclose a form complaint for employment discrimination actions.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 10, 2025
    Brooklyn, New York